Debon-Ramos v. Barr

BIA
Straus, IJ
A208 900 281

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> DENNY CHIN,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

DORA LINDA DEBON-RAMOS,
> *Petitioner,*

v. 18-1505
NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER: Robert C. Ross, West Haven, CT.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Linda S. Wernery, Assistant Director; Janice K. Redfern, Senior

Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dora Linda Debon-Ramos, a native and citizen of Honduras, seeks review of an April 18, 2018, decision of the BIA affirming a July 10, 2017, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dora Linda Debon-Ramos,* No. A208 900 281 (B.I.A. Apr. 18, 2018), *aff'g* No. A208 900 281 (Immig. Ct. Hartford July 10, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). Because Debon-Ramos expressly abandons her CAT claim, the only issue before

2

us is whether the agency properly denied asylum and withholding of removal based on its finding that she was not a member of her proposed particular social group of Honduran women unable to leave domestic relationships. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (noting that claims not raised in petitioner's brief are abandoned).

To demonstrate eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010). To constitute a particular social group, a group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Paloka*, 762 F.3d at 195–97.

In *Matter of A-R-C-G-*, the BIA held that a proposed group of "married women in Guatemala who are unable to leave their relationship" satisfied the requirements for a particular

3

social group. 26 I. & N. Dec. 388, 388, 392–95 (B.I.A. 2014). In June 2018, the Attorney General overruled *Matter of A-R-C-G-*, holding that it departed from established legal principles because it defined a social group based primarily on the harm that group members experienced and because it did not comply with the BIA's social distinction and particularity requirements. *Matter of A-B-*, 27 I. & N. Dec. 316, 335–36 (A.G. 2018).

In Debon-Ramos's case, the agency applied *Matter of A-R-C-G-* because its decisions predated *Matter of A-B-*. We need not remand for the agency to apply, in the first instance, the legal standards articulated in *Matter of A-B-* because, even under more favorable pre-*A-B-* standards, substantial evidence supports the agency's finding that Debon-Ramos was not a member of her proposed social group since she was able to leave her relationship with her former partner.

Specifically, Debon-Ramos testified that her brother successfully evicted her former partner from her home. Although her former partner subsequently approached her at the fruit stand outside her house on two occasions, she had no further contact with him in the month between the last of those encounters and her departure from Honduras. After she

4

left Honduras, he never returned to her house, where her children still live. Based on this testimony, the agency reasonably concluded that Debon-Ramos had been able to leave the relationship and, thus, was not a member of her proposed social group. *See* 8 U.S.C. § 1252(b)(4)(B); *see Rocha v. Sessions*, 720 F. App'x 643, 645 (2d Cir. 2018) (upholding agency's determination that petitioner was able to escape her stepfather's abuse, noting that the stepfather was subsequently evicted from the house, so "even if [she] were to return to Brazil and move back in with her mother, her stepfather would not be there to abuse her"); *cf. Matter of A-R-C-G-*, 26 I. & N. Dec. at 389 (woman was unable to leave her husband because whenever she left, he followed and secured her return with either threats or promises of changed behavior).

Debon-Ramos also argues that the BIA erred by not considering the possibility of future persecution and maintains that she showed that relocation within Honduras was not reasonable. However, the agency's conclusion that she was not a member of her proposed social group also forecloses a claim based on future persecution. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A). And

5

because she did not establish persecution on account of membership in her proposed social group, we need not reach the issue of relocation. *See* 8 C.F.R. § 1208.13(b)(1)(i)(B) (providing that an applicant found to be a refugee based on past persecution on account of membership in a particular social group may still be denied asylum if relocation is reasonable).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6